**IT IS ORDERED as set forth below:**



**Date: June 29, 2026**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| DANIEL D. FOSTER, | : | BANKRUPTCY CASE |
| | : | 25-58797-LRC |
| Debtor. | : | |
| | : | |
| _____ | : | |
| | : | |
| DANIEL D FOSTER | : | ADVERSARY PROCEEDING |
| | : | NO. 25-05194-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DREAM LOUD MUSIC GROUP, LLC, | : | |
| NEXTRES LLC, PACIFIC LAW | : | |
| GROUP, ROB KOSAKOSKI, LISA A. | : | |
| FRANK, JOHN DOES 1-10, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

## ORDER

On August 4, 2025 (the "Petition Date"), Daniel D. Foster ("Plaintiff") filed a

voluntary petition (the "Petition") under Chapter 13 of the Bankruptcy Code (Case Number 25-58797-LRC, the "Bankruptcy Case"). At Plaintiff's request, the Court converted the Bankruptcy Case to Chapter 11 on October 10, 2025. *See* Bankruptcy Case, Doc. 49. On October 6, 2025, Plaintiff filed a complaint against Nextres, LLC ("Nextres") (Doc. 1, the "Complaint"). After Nextres filed a motion to dismiss the Complaint and a Motion to Stay Discovery and Pretrial Deadlines (Doc. 6, the "Motion to Stay"), Plaintiff amended the Complaint (Doc. 7, the "Amended Complaint") to add several additional defendants. The Court denied the first motion to dismiss as moot because the Complaint had been superseded by the Amended Complaint. *See* Doc. 11. On November 13, 2025, Sherry Everett filed a motion to intervene as a plaintiff (Doc. 9, the "Motion to Intervene"). Plaintiff supports the Motion to Intervene (Doc. 16), and Nextres opposes it (Doc. 25). On December 4, 2025, Nextres filed a motion to dismiss the Amended Complaint (Doc. 17, the "Motion to Dismiss"), and Plaintiff opposes dismissal (Doc. 34).[1]

The Amended Complaint contains the following counts: (1) request for declaratory judgment as to the validity of a foreclosure sale conducted by Nextres regarding certain real property (the "Property") that Plaintiff contends became property of his bankruptcy estate upon the filing of the Petition; (2) a request for damages under § 362(k) of the Bankruptcy Code due to Nextres' willful violation of the automatic stay; (3) avoidance and

---

[1] As to the counts of the Amended Complaint that the Court dismisses herein, these matters constitute core proceedings, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 1334; 157(a); 157(b)(2)(A), (H).

recovery of the transfer of the Property as an unauthorized postpetition transfer under §§ 549, 550, and 551; (4) avoidance and recovery of Nextres' interest in the Property as a secret lien under the "strong arm" powers of the Bankruptcy Code (§§ 544(a)(3)); (5) avoidance and recovery of the transfer of the Property as a constructively fraudulent transfer under §§ 548, 544, and 550 of the Bankruptcy Code; (6) cancellation of a forged and void instrument under O.C.G.A. § 23-2-60 and 23-3-40; (7) wrongful foreclosure; (8) slander of title; (9) fraud and civil conspiracy arising from actions allegedly taken on or before August 15, 2023; (10) negligence, notary misconduct, and negligent supervision arising from actions allegedly taken on or before August 15, 2023; (11) equitable subordination under § 510(c) of any claim filed by Nextres; (12) objection to any claim filed by Nextres; (13) preliminary injunctive relief against Nextres;[2] and (14) a request for accounting, unjust enrichment, imposition of a constructive trust, and disgorgement.   For the reasons that follow, the Court will grant the Motion to Dismiss in part; hold in abeyance Plaintiff's claim for damages for a stay violation; and defer ruling on the Motion to Intervene and the remainder of the Motion to Dismiss to allow the parties an opportunity to show cause why the Court should not abstain from hearing the remainder of the Amended Complaint.

<u>Facts and Procedural History</u>

On January 15, 2026, at Plaintiff's request, the Court converted the Bankruptcy

---

[2] The Court has already considered and denied Plaintiff's request in Count 13 for a preliminary injunction against Nextres.   *See* Bankruptcy Case, Doc. 151.

Case to Chapter 7.   *See* Bankruptcy Case, Doc. 134.   Kathleen Steil (the "Trustee") was appointed as the Chapter 7 trustee, and the Trustee held and concluded the Chapter 7 meeting of creditors on February 23, 2026.   Plaintiff did not respond to the Motion to Stay and, accordingly, the Court deemed it unopposed and entered an order staying discovery and all deadlines in this case to provide the Trustee an opportunity to investigate the claims contained in the Amended Complaint. (Doc. 36, the "Stay Order").   Since that time, the Trustee has abandoned the claims and reported that there are no assets of the bankruptcy estate to liquidate and that there will be no distribution to Plaintiff's creditors.[3]

Conclusions of Law

The Motion to Dismiss seeks dismissal of the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. Nextres argues that Plaintiff does not have standing to bring his claims and that the Amended Complaint fails to state a claim upon which relief may be granted.

When considering whether to dismiss a complaint under Rule 12(b)(6), the Court must accept as true all factual allegations set forth in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to the relief requested. The Court must also draw all reasonable inferences in the light most favorable to the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Daewoo Motor*

---

[3] On February 5, 2026, the Trustee filed a Notice of Proposed Abandonment regarding the claims raised by Plaintiff in the Adversary Proceeding, and no objections were filed to the Notice.   Bankruptcy Case, Doc. 155.

*America Inc. v. General Motors Corp.*, 459 F.3d 1249, 1271 (11th Cir. 2007); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Grossman v. Nationsbank, Nat'l Ass's*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273, n.1 (11th Cir. 1999).

The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).   Whether a complaint states a claim must be considered in relation to Rule 8(a), made applicable to this matter by Rule 7008 of the Federal Rules of Bankruptcy Procedure, which requires a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

The Court agrees with Nextres that many of the counts of the Amended Complaint fail to state a claim and should be dismissed.[4]   First, as Plaintiff is a Chapter 7 debtor

---

[4]  The Court has taken the facts from the allegations of the Amended Complaint. *See generally Intravisual Inc. v. Fujitsu Microelectronics Am. Inc.*, 2011 WL 1004873, at *5 (E.D. Tex. Mar. 18, 2011) (holding that "allegations pled on 'information and belief' should be reviewed in the same way as all factual allegations

without statutory authority to seek avoidance of any prepetition transfers, Counts 3, 4, and 5 fail to state a claim.   *See* 11 U.S.C. § 544(a) (stating that the trustee has certain powers to avoid secret liens); § 544(b) (stating that the trustee may avoid fraudulent transfers by debtor that debtor's creditors could have avoided under applicable nonbankruptcy law); § 548 (stating that the trustee may avoid fraudulent transfers by the debtor); § 549 (stating that the trustee may avoid postpetition transfers of estate property).   Second, the Amended Complaint fails to state a claim that Nextres' foreclosure of the Property violated the automatic stay, as the Court has already ruled that the automatic stay did not arise as to the Property, and the Amended Complaint otherwise alleges no facts that would support Plaintiff's argument that Nextres violated § 362(a) of the Bankruptcy Code.   The Court's ruling regarding the existence of the automatic stay, however, is on appeal.   *See* Bankruptcy Case, Doc. 21 (the "Automatic Stay Order"), Doc. 26.   Accordingly, the Court will not dismiss Count 2 unless and until the appeal has been resolved in Nextres' favor.

Additionally, as the Bankruptcy Case is now a no-asset Chapter 7 case, the Court will not be called upon to resolve the amount of any claims in the case, and, more importantly, Nextres has not filed a claim.   Accordingly, Counts 11 and 12 will be dismissed as moot.

---

in a Complaint" such that, the "mere fact that allegations begin with the statement 'on information and belief' will not automatically render them insufficient").   Where appropriate, the Court has taken judicial notice of the docket.

Because the remainder of the counts of the Amended Complaint (the "Claims") appear to serve no bankruptcy purpose, the Court will direct the parties to show cause why the Court should not exercise its discretion to abstain from ruling on the Claims. The Trustee has abandoned her interest in Claims, such that any damages recovered would inure only to Plaintiff's benefit, and the declaratory relief sought by Plaintiff would not benefit the bankruptcy estate or impact Plaintiff's creditors in any way. As to the Claims, this Court has original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11. *See* 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a).[5]  A proceeding "arises under" title 11 if it asserts a right to relief created by the Bankruptcy Code and a proceeding "arises in" a case under title 11 if it is an administrative matter that only could occur in a bankruptcy case and would have no existence outside of bankruptcy. A proceeding is "related to" a case under title 11 if it potentially will have some impact on the bankruptcy case or the bankruptcy estate but does not invoke a right to relief created by the Bankruptcy Code and could exist outside of bankruptcy. *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)). "'Related to' jurisdiction 'is not so broad as to encompass litigation of claims arising under state law or non bankruptcy Federal law that will not have an effect on the bankruptcy estate, simply because one of the litigants

---

[5] More accurately stated, this Court exercises the jurisdiction referred to it by the District Court. *In re Astroturf, LLC*, 2017 WL 1194649, at *9 (Bankr. N.D. Ga. Mar. 30, 2017) ("The statement that a bankruptcy court has jurisdiction is legal shorthand that reflects the routine practice of the district courts to refer all bankruptcy matters to the bankruptcy courts pursuant to 28 U.S.C. § 157(a) and for the bankruptcy courts to exercise that jurisdiction by entry of final judgments, orders, and decrees when 28 U.S.C. § 157(b) or (c) authorizes them to do so.").

7

filed a petition in bankruptcy.'"   *In re Harlan*, 402 B.R. 703, 711 (Bankr. W.D. Va. 2009)

(quoting *Gates v. Didonato (In re Gates)*, 2004 WL 3237345, at *2 (Bankr. E.D. Va.

2004)).

Notwithstanding the broad jurisdictional grant afforded to this Court under 28

U.S.C. §§ 1334(b) and 157(a), the Court has discretionary authority to abstain from hearing

certain matters and may do so *sua sponte*.   28 U.S.C. § 1334(c)(1) ("[N]othing in this

section prevents a district court in the interest of justice, or in the interest of comity with

State courts or respect for State law, from abstaining from hearing a particular proceeding

arising under title 11 or arising in or related to a case under title 11."); *see also In re

AstroTurf, LLC*, 2017 WL 3889710, at *24 (Bankr. N.D. Ga. Sept. 5, 2017) (quoting

*Carver v. Carver (In re Carver)*, 954 F.2d 1573 (11th Cir. 1998) ("The court may abstain

upon request of a party or *sua sponte*.")).

When deciding whether to abstain, the Court considers the following, nonexclusive

factors:   "(1) the effect, or lack thereof, on the efficient administration of the bankruptcy

estate if the discretionary abstention is exercised, (2) the extent to which state law issues

predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable

state law, (4) the presence of related proceedings commenced in state court or other

nonbankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree

of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the

substance rather than the form of an asserted "core" proceeding, (8) the feasibility of

severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties." *In re Queen*, 2013 WL 6116864, at *1 (Bankr. N.D. Ga. Nov. 18, 2013) (holding that, where "the issues are wholly dependent upon matters of non-bankruptcy law and resolution of the adversary proceeding will not impact the efficient administration of the estate, abstention is warranted"); *see also In re Roman*, 2013 WL 6911375, at *4 (Bankr. N.D. Ga. Dec. 12, 2013); *In re Blackman*, 2017 WL 6033418, at *4 (Bankr. N.D. Ga. Dec. 5, 2017). "What this means is that a bankruptcy court should abstain from hearing a proceeding that has no bankruptcy purpose."   *In re AstroTurf, LLC*, 2017 WL 3889710, at *26.

Applying the above factors to the Claims, permissive abstention appears warranted. The Trustee has abandoned the Claims, and Plaintiff's goal in the Amended Complaint appears to be the recovery of the Property that was foreclosed by Nextres and compensation from Nextres and other parties for conduct surrounding the financing and foreclosure of the Property.  As none of this relief would benefit Plaintiff's creditors or impact the administration of the Bankruptcy Case, the Claims are better heard in state court. Specifically, the Claims rely entirely on Georgia law regarding foreclosure sales, forged and void instruments, slander of title, fraud and civil conspiracy, negligence, and

9

unjust enrichment.

As a court of limited jurisdiction, the Court does not appear to have a jurisdictional basis, other than 28 U.S.C. § 1334, to consider the Claims.   *See In re Hutcheson Med. Ctr., Inc.*, 2019 WL 1301887, at \*7 (Bankr. N.D. Ga. Mar. 19, 2019) ("[A] Georgia plaintiff[] asserted Georgia tort law claims against Georgia defendants in a Georgia court in a lawsuit whose result will have no effect whatsoever in the Debtors' bankruptcy case. Such a lawsuit does not properly belong in the Bankruptcy Court.").   Further, Plaintiff has demanded jury trial, to the extent he would be entitled to one.   Without consent from Nextres and the other defendants, this Court could not preside over it.   *See Hutcheson Med. Ctr.*, 2019 WL 1301887 at \*7 ("A bankruptcy judge cannot conduct a jury trial in the absence of consent from all parties, 28 U.S.C. § 157(e), and in this Court's view should not do so even if the parties do consent. A jury trial has not occurred in the bankruptcy court in this district in the 17 years that this judge has served, and this judge is unaware of any that occurred in the 27 years that he practiced bankruptcy law in this district before that. In any event, no currently serving bankruptcy judge in this district has presided over a jury trial.").

As to whether there are other pending state court proceedings, the parties were previously litigating issues regarding the Property, and those proceedings may be ongoing. *See* Case No. MGCD2025006873 (Magistrate Court of Henry County, Georgia).   Debtor is free to pursue the Claims, other than the automatic stay violation claim, in an appropriate forum.   "[H]earing these claims would place a burden on this Court, while the outcome of

10

the litigation will not bear on the administration of the estate." *Roman*, 2013 WL 6911375, at *4. "On the whole, these factors weigh in favor of permissive abstention and the remaining factors are either not applicable or neutral." *Id.* The Court, however, will permit the parties an opportunity to show cause why the Court should not exercise its discretion to abstain.

Conclusion

For the above reasons,

IT IS ORDERED that the prior stay of this adversary proceeding imposed by the Stay Order is lifted to the extent necessary for the Court to consider the Motion to Dismiss, but shall remain in place as to discovery, any case management deadlines, and the Motion to Intervene, which the Court will continue to defer until the Court determines whether to abstain from hearing the Claims;

IT IS FURTHER ORDERED that the Motion to Dismiss is GRANTED as to Counts 12 and 13, which are dismissed as moot, and as to Counts 3, 4, and 5, which are dismissed because they fail to state a claim upon which relief can be granted;

IT IS FURTHER ORDERED that the Motion to Dismiss, as it pertains to Count 2, will be held in abeyance until the appeal of the Automatic Stay Order is resolved;

IT IS FURTHER ORDERED that Plaintiff, Nextres, and the remaining defendants shall have through and including August 7, 2026, within which to show cause, through a written response, as to why the Court should not abstain from considering the remainder of

the Amended Complaint.

## END OF DOCUMENT

**Distribution List**

Daniel D Foster
425 Nolan Cherry Circle
McDonough, GA 30252

Daniel D Foster
381 Vicki Lane
Stockbridge, GA 30281

Lisa A Frank
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076

Kathleen Steil
Ogier, Rosenfeld & Steil, P.C.
P.O. Box 1547
Decatur, GA 30031

Sherry Everett
381 Vicki Ln
Stockbridge, GA 30281

Dream Loud Music Group LLC
381 Vicki Lane
Stockbridge, GA 30281

Pacific Law Group, LLC
c/o Justin Brooks Pacific
625 Molly Lane, Suite 130

Woodstock, GA 30189

Rob Kosakoski
Rob Kosakoski Law LLC
625 Molly Lane, Suite 130
Woodstock, GA 30189

William Oxford Tate
McCalla Raymer Leibert Pierce, LLP
1544 Old Alabama Road
Roswell, GA 30076